Fergus v McClure.

## APPEAL—EXECUTORS AND ADMINISTRATORS.

[Franklin (2nd) Circuit Court, 1909.]

Sullivan, Dustin and Allread, JJ.

JOHN F. FERGUS, ADMR. v. W. T. McCLURE, EXR. ET AL.

WRITTEN NOTICE OF INTENTION TO APPEAL BY EXECUTOR FILED WITHIN THIRTY
DAYS OF JUDGMENT.

Where an appeal from a decision or order of the common pleas to the
circuit court is desired to be taken by an executor, etc., in the interest
of the trust in pursuance of the provisions of Sec. 5228 Rev. Stat. a
written notice of an intention to appeal must be filed with the clerk
of the common pleas within thirty days after the entering of the judg-
ment appealed from as provided by Sec. 6408 Rev. Stat.

[Syllabus approved by the court.]

APPEAL from Franklin common pleas court.

A. C. Harvey, for plaintiff.

W. T. McClure, for defendants.

SULLIVAN, J.

The defendant, William T. McClure, as executor, desiring to ap-
peal in the interest of his trust to this court from the decision of the
common pleas court, caused to be incorporated in the entry of the judg-
ment a notice of his intention to appeal. On a day subsequent, the
court caused the following to be entered on its records. to wit:

"It appearing to the court that written notice has been given ac-
cording to law by William T. McClure, trustee, etc., defendant in the
above entitled cause of his intention to appeal from the decision of this
court to the circuit court of Franklin county, Ohio; that the defendant
has given bond in the probate court of Franklin county, Ohio, as trustee
of the estate of Moses Hanna, deceased, it is therefore ordered that no
appeal bond be required of said defendant."

No written notice as an original paper in the case was filed. and the
subsequent finding of the court is based entirely upon the notice appear-
ing in the entry of judgment.

The plaintiff has filed his motion to dismiss the appeal stating two
grounds. First, the failure to file a written notice by the defendant.
of his intention to appeal in the interest of his trust as required by Sec.
6408 Rev. Stat.; and second, the failure of the clerk of the common
pleas to file a transcript in this court at the expiration of thirty days.
after the entering of the judgment.

Taking up the last of these grounds first, Sec. 5228 Rev. Stat. pro-
vides that, "the clerk of the common pleas court at the expiration of

thirty days from the entering of such judgment or order upon the journal of the court, shall, if not otherwise directed, make a transcript, which, together with the papers and pleadings filed in the case he shall transmit to the clerk of the circuit court as in other cases of appeal."

The provisions of this section are the same as they were prior to the amendment of Sec. 5227 Rev. Stat., omitting written notice of an intention to appeal. Prior to said amendment, the clerk was notified of an intention to appeal by an executor or an administrator, and hence it was his duty to prepare the transcript, etc., and file in the circuit court unless the executor or administrator after giving such notice, directed the clerk not to do so. After the written notice of an appeal had been filed with the clerk by the executor or administrator, the appellant was not required to see that the clerk discharged this duty, and hence the failure of the clerk in that respect could not prejudice the rights of the appellant. We think this ground not well taken. *Hubble* v. *Renick*, 1 Ohio St. 171; *Hirsh* v. *Kilsheimer*, 5 Circ. Dec. 551 (12 R. 291).

The appellant here has given bond in this state with sureties according to law, and hence by favor of Sec. 5228 Rev. Stat., he is not required to give the undertaking required of parties appealing in their own interests by Sec. 5227.

Prior to the amendment of the latter section in 1904, the written notice required advised the clerk of an intention of a party to the action who was an executor or administrator to appeal in the interests of their respective trusts.

As the necessary bond had been given, it is apparent that it was the written notice that effectuated the appeal in such cases. As such written notice is no longer required by Sec. 5227, and if not required at all, the clerk in all cases where an executor or administrator was a party, would be required unless otherwise directed to prepare a transcript, etc., and file it and the original papers and pleadings in the clerk's office of the circuit court.

Before Sec. 5227 Rev. Stat. was so amended as to omit the filing of the written notice, executors and administrators were required like all other parties desiring to appeal from the common pleas to the circuit court, to file such notice, and a failure to do so defeated the right of appeal. After filing such notice if he or they desired to abandon the purpose to appeal, notice of that fact was required to be given the clerk; otherwise he was required to proceed with the transcript, etc., as provided in Sec. 5228 Rev. Stat.; and now unless such written notice is required by some other section of the statute, in all cases where an

Fergus v. McClure.

executor or administrator is a party, an appeal is effectuated within thirty days from the entering of the judgment on the journal of the court, unless within that period the executor or administrator by some act waives the right of appeal. Such was not certainly intended by the legislature; and as the written notice of an intention to appeal, was necessary to perfect such right, prior to the amendment of Sec. 5227, by an executor or administrator, and the apparent imperative necessity for such notice that the clerk might be advised as to his duties, it is reasonable, we think, to conclude that the legislature comtemplated that the giving of such notice would be required by some other section in the event Sec. 5227 should be so amended as to omit the giving of such notice where parties took an appeal in their own interests. If written notice was provided for in some general act, it would come into force if Sec. 5227 should be amended by omitting such requisite.

If a party to an action in the common pleas should die after judgment and within the period provided by Sec. 5227 Rev. Stat. for giving the undertaking in appeal, whether his executor or administrator in such case could take an appeal may be questionable under Sec. 5229 Rev. Stat. However, if such right passed to the personal representative, notice of an intention to exercise the right would have to be entered upon the journal of the court. The giving of a bond in the state conditioned for the faithful performance of the duties of the trust would not effectuate an appeal. When such notice was entered on the journal, the executor or administrator as the case might be, thereby became a party to the judgment and the appeal at once perfected. Where notice of an intention to appeal is required, the courts, we believe, have uniformly held that an omission to give it, and also to give it in the manner required by statute, was fatal.

The clerk of the common pleas is not required to perform the duties devolved upon him by Sec. 5235 Rev. Stat. until the appeal is perfected in which are included those named in Sec. 5228 Rev. Stat.

Where parties desiring to appeal in their own interest, an appeal is effectuated by the giving of the undertaking provided for by Sec. 5227, where an appeal is desired to be taken by an executor or administrator in the interests of his trust, and has given bond in the state with sureties according to law, unless there is some statute providing that the fact of having given such bond effectuates an appeal, and appeal would not be consummated. The right of appeal is a statutory right. The method by which it may be accomplished must be proscribed by statute. The provisions of Sec. 5228 Rev. Stat. were enacted with refer-

Franklin County.

ence to those of Sec. 5227, prior to the amendment of the latter omitting written notice. Two things were necessary to perfect an appeal, the notice and bond. If the several trustees named in Sec. 5228 Rev. Stat. had given the bond therein mentioned, the one provided for in Sec. 5227 should not be required. Section 5228 was not changed but is the same as it was before Sec. 5227 was amended. This alone would seem to be sufficient to indicate that the legislature contemplated that the same steps were still required on the part of an executor, etc., taking an appeal, that were required before Sec. 5227 was amended.

It is contended by the appellee that Sec. 6408 Rev. Stat. now regulates the manner of taking appeals by executors and administrators from the common pleas to the circuit court.

That section is found in the chapter of general provisions and that part of the section relating to the taking of appeals by such trustees reads as follows:

"But when the person appealing from any judgment or order in *any court, or before any tribunal,* is a party in a fiduciary capacity, in which he has given bond within the state, for the faithful discharge of his duties, and appeals in the interest of the trust, he shall not be required to give bond, but shall be allowed the appeal, by giving written notice to the court of his intention to appeal within the time limited for giving bond."

Is this provision now applicable to appeals from the common pleas to the circuit court? True, much of it is a duplicate of the provisions of Sec. 5228 for which reason it can be said, that it was not intended to apply to such appeals, and that the latter section was alone applicable.

It is quite apparent before Sec. 5227 was amended, that it could not apply, for then a complete method of appeal was provided by Secs. 5227 and 5228.

Furthermore, if Sec. 6408 Rev. Stat. is applicable, the first paragraph of Sec. 5228 is superfluous, and it seems inapplicable if the legislature intended Sec. 6408 to apply when amending Sec. 5227, *supra,* they did not amend Sec. 5228 by omitting the first paragraph.

It seems to us that as appeals can be taken by executors and administrators from the common pleas to this court without giving the undertaking required by Sec. 5227, that some notice by such parties of such intention is indispensable.

The language found in Sec. 6408 Rev. Stat., as follows, "appealing, from any judgment or order in any court, or before any tribunal," is broad and comprehensive enough to include the case at bar. It says

the notice must be given to the court, from which it may be inferred that the section related to appeals alone from the probate court, but in our opinion the filing of the notice with the clerk of the court from which an appeal is taken would be a substantial compliance with that part of the section quoted above.

The notice must be given within the time limited for giving bond. This may well relate, and without doubt does, to the time limited by Sec. 5227 for giving the undertaking.

We do not believe this view conflicts with the authority of *Layer, Grdn.* v. *Schaber, Admr.* 57 Ohio St. 234 [48 N. E. Rep. 939], relied upon by counsel for appellant.

There the appeal was taken when notice of an intention to appeal was required to be entered on the record within three days after the judgment or order appealed from was entered on the journal. It was then very clear that Sec. 6408 Rev. Stat. did not apply to such appeals because the latter required the notice to be given in writing as an original paper and to be filed with the court within twenty days after the time limited for the giving of the bond, whilst under Sec. 5227 Rev. Stat. the notice was required to be given within three days after entering the judgment or order on the journal, and said notice was required to be entered on the record.

The provisions were so different in these several respects, that it was easily demonstrated that Sec. 5227 alone applied to such appeals.

The judgment in that case as indicated by the opinion on page 238 was based upon the difference in time required by the two sections for filing the notice.

We are, therefore, of the opinion that the first ground of the motion to dismiss the appeal is well taken and the same is therefore sustained and appeal dismissed at appellant's costs.

**Dustin** and **Allread, JJ.,** concur.